1   Todd M. Friedman (SBN 216752)
2   Adrian R. Bacon (SBN 280332)
    LAW OFFICES OF TODD M. FRIEDMAN, P.C.
3   21550 Oxnard St., Suite 780
4   Woodland Hills, CA 91367
    Phone: 323-306-4234
5   Fax: 866-633-0228
6   tfriedman@toddflaw.com
    abacon@toddflaw.com
7   ***Attorneys for Plaintiff***

8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**

10                                    )  Case No. 2:20-cv-03674-CJC-MRW
11  CRAIG CUNNINGHAM, individually    )
    and on behalf of all others similarly )  **CLASS ACTION**
12  situated,                          )
13                                    )  **FIRST AMENDED COMPLAINT**
14  Plaintiff,                        )  **FOR VIOLATIONS OF:**
                                      )
15      vs.                           )   1.   NEGLIGENT VIOLATIONS
                                      )        OF THE TELEPHONE
16                                    )        CONSUMER PROTECTION
    GREWAL LAW; WEITZ &               )        ACT [47 U.S.C. §227(b)]
17  LUXENBERG, P.C.; ROB              )   2.   WILLFUL VIOLATIONS
    O'SULLIVAN, EAST WEST & BLUE      )        OF THE TELEPHONE
18                                    )        CONSUMER PROTECTION
    LLC, OPALESCENT IT SOLUTIONS      )        ACT [47 U.S.C. §227(b)]
19  INC., MANOJ GUPTA, and DOES 1-    )   3.   NEGLIGENT VIOLATIONS
20  10 inclusive and each of them,    )        OF THE TELEPHONE
                                      )        CONSUMER PROTECTION
21                                    )        ACT [47 U.S.C. §227(c)]
    Defendants.                       )   4.   WILLFUL VIOLATIONS
22                                    )        OF THE TELEPHONE
                                      )        CONSUMER PROTECTION
23                                    )        ACT [47 U.S.C. §227(c)]
24                                    )
25                                    )  **DEMAND FOR JURY TRIAL**
26  _____ )

27      Plaintiff CRAIG CUNNINGHAM ("Plaintiff"), individually and on behalf
28  of all others similarly situated, alleges the following upon information and belief

---

FIRST AMENDED CLASS ACTION COMPLAINT

based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of GREWALL LAW, WEITZ & LUXENBERG, P.C., ROB O'SULLIVAN, EAST WEST & BLUE LLC, OPALESCENT IT SOLUTIONS PRIVATE LIMITED, and MANOJ GUPTA ("Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1331* because this matter arises out of a question of federal law, in particular under the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.*.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)* because Defendant WEITZ & LUXENBERG, P.C. does business within the State of California and a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4.     Plaintiff, CRAIG CUNNINGHAM ("Plaintiff"), is a natural person residing in Collin County, Texas and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.     Defendant, GREWAL LAW ("Grewal") is a law firm, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.     Defendant, WEITZ & LUXENBERG P.C. ("Weitz") is a law firm, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7.      Defendant ROB O'SULLIVAN ("O'Sullivan") is an individual who was hired by Grewal to run the calling campaign, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

8.      Defendant EAST WEST & BLUE LLC ("EWB") is a Wyoming corporation with a principal place of business in Temecula, California and is a marketing company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

9.      Defendant OPALESCENT IT SOLUTIONS, INC. ("OIT") is a Texas corporation with a principal place of business in Austin, Texas and is an internet technology marketing company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

10.     Defendant MANOJ GUPTA ("Gupta") is the president of OIT and is a "person" as defined by *47 U.S.C. § 153 (39)*.

11.     The above-named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

13.     Beginning in or around January 2020, Defendants contacted Plaintiff

on Plaintiff's cellular telephone number ending in -1977 to solicit Defendants' services to Plaintiff.

14.     On information and belief, Defendants directly called Plaintiff for the purposes of generating leads in the Roundup litigation, by way of cold calling consumers using an automated telephone dialing system.  In doing so, Defendants did not scrub their outbound dialing list for cellular telephone number, nor did it scrub their outbound dialing list against the National Do Not Call Database.  Had it done so using compliant and up to date methods, as approved by industry standards in TCPA compliance, it would not have placed a call to Plaintiff's phone number, which is on the Do Not Call list and is a cellular phone.

15.     On information and belief, Defendant Weitz is a nationwide personal injury and mass tort law firm which has been actively soliciting clients who may have personal injury claims against Monsanto for cancer linked to use of Roundup products.  The firm is actively looking for clients in this area of litigation, as can be      seen      from      numerous      websites,      including      the      following: https://www.roundupinjuries.com/?gclid=Cj0KCQjw0pfzBRCOARIsANi0g0vt6 R3yA3HxoEuNn7X5eD9_H4EkN038TKC2i296tPd80tHeT6IJRqIaAteFEALw_ wcB&utm_medium=cpc&utm_term=roundup%20litigation&c_id=C-8342&utm_content=search-ad&utm_source=google&utm_campaign=c-8342_roundup_en_california_litigation

16.     As part of their campaign to solicit their services to clients, Grewal and Weitz hired O'Sullivan, EWB, OIT, and Gupta to generate clients on the firm's behalf.  Defendants then did so by placing solicitation robocalls in violation of the Telephone Consumer Protection Act, acting on behalf of the other Defendants.

17.     Plaintiff received telemarketing calls under this arrangement.  Following receipt of the calls, Plaintiff was sent a retainer agreement under the heading of Grewal, and stating that the retainer was for Plaintiff to retain the services of Grewal and Weitz for purposes of bringing a Roundup claim.

---

FIRST AMENDED CLASS ACTION COMPLAINT

18.    Plaintiff has never sought the services of counsel for purpose of bringing a Roundup claim and did not provide prior express consent.  Moreover, Plaintiff has no relationship with any of the Defendants that would permit direct attorney solicitations by telephone of this nature under the Model Rules, or to create an established business relationship.

19.    Defendants used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its services.  The calls at issue were placed with a traditional predictive dialer, as indicated by a pause and a "bloop" sound before a live agent was connected to the call.

20.    Defendants contacted Plaintiff from telephone number (606) 948-9206, which Plaintiff alleges on information and belief was a spoofed telephone number, indicating of Defendants' attempts to mask its identity to avoid accountability from placing illegal robocalls, as well as having used an ATDS to place the calls.

21.    Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

22.    During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A).*

23.    Further, Plaintiff's cellular telephone number ending in -1977 had been on the National Do-Not-Call Registry well over thirty (30) days prior to Defendants' initial call.

24.    Defendants placed multiple calls soliciting its business to Plaintiff on his cellular telephone ending in -1977 or around January 2020.

25.    Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendants' services.

26.    Plaintiff received at least two solicitation calls from Defendants within

a 12-month period.

27.    Defendants called Plaintiff in an attempt to solicit their services and in violation of the National Do-Not-Call provisions of the TCPA.

28.    Upon information and belief, and based on Plaintiff's experiences of being called by Defendants after being on the National Do-Not-Call list for several years prior to Defendants' initial call, and at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

29.    Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes").

30.    The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

31.    The class concerning the National Do-Not-Call violation (hereafter "The DNC Class," and with the ATDS Class, "the Classes") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of

Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

32.     Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any collection telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

33.     Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

34.     Defendants, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

35.     The Classes are so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members.  Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendants.

36.     Plaintiff and members of The ATDS Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff

and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class members.

37.     Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class.  These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Complaint, Defendants made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to an ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.     Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c.     Whether Defendants should be enjoined from engaging in such conduct in the future.

38.     As a person that received numerous telemarketing/solicitation calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

39.     Plaintiff and members of The DNC Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff

---

FIRST AMENDED CLASS ACTION COMPLAINT

and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class members were damaged thereby.

40.    Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

a.    Whether, within the four years prior to the filing of this Complaint, Defendants or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendants and did not have an established business relationship with Defendants;

b.    Whether Defendants obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

c.    Whether Plaintiff and the DNC Class members were damaged thereby, and the extent of damages for such violation; and

d.    Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

41.    As a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants, Plaintiff is asserting claims that are typical of the DNC Class.

---

FIRST AMENDED CLASS ACTION COMPLAINT

42.    Plaintiff will fairly and adequately protect the interests of the members of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

43.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

44.    The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

45.    Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the ATDS Class**

46.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

47.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

48.    As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

49.    Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class**

50.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

51.    The foregoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

52.    As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and the ATDS Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

53.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class**

54.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

55.     The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

56.     As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

57.     Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

58.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-45.

59.     The foregoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

60.     As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C.*

*§ 227(c)(5).*

61.    Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*
- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' negligent violations of *47 U.S.C.*

---

FIRST AMENDED CLASS ACTION COMPLAINT

*§227(c)(5),* Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5).*

- Any and all other relief that the Court deems just and proper.

## <u>FOURTH CAUSE OF ACTION</u>

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5).*
- Any and all other relief that the Court deems just and proper.

62.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 14th Day of July, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   <u>/s/ Todd M. Friedman</u>
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff